In the Matter of the Estate of ELIZABETH ATKINS, Deceased.

Surrogate's Court, New York County, May 6, 1931.

*Donovan & Horowitz*, for the petitioner.

*Maurice Grady*, for the claimants.

*Arthur Hilly, Corporation Counsel*, for the City of New York.

O'BRIEN, S. The intestate died in *1916* and letters of administration on her estate were issued to the public administrator on November 1, 1916, as she left her, surviving no next of kin. Her husband, Thomas Atkins, predeceased her, having died in the year *1913*. On May 26, 1919, the public administrator filed his account in which he showed, after the payment of debts and administration

expenses, a net estate of $4,237.56. This account further set forth that the public administrator after diligent search was unable to find any of the next of kin of the deceased, and on March 12, 1920, a decree was entered by this court settling the account of the public administrator and directing him to pay into the city chamberlain's office the aforesaid sum to the credit of this estate. *On November 5, 1930,* a petition was filed in this court by five of the *next of kin of Thomas Atkins, the deceased husband* of the intestate, praying for an order of this court, under subdivision 15 of section 83 of the Decedent Estate Law, in effect September 1, 1930, directing distribution to them on the ground that as the intestate left no next of kin, the petitioners, as the next of kin of the deceased husband are entitled to the money by reason of the aforesaid statute. At the time of the death of the intestate in 1916 the law applicable to the distribution of this estate was subdivision 16 of section 98 of the Decedent Estate Law (as amd. by Laws of 1913, chap. 489) which did not permit, under the facts as here presented, any distribution to the petitioners because said section contained the following provision: " but such surplus shall not, and shall not be considered to, embrace any personal property except such as was received by the deceased from such husband or wife, as the case may be." The petitioners allege that they could not then and cannot now prove that any of this money came to the intestate from her deceased husband. In fact the proofs would indicate that none of it did. It appears that she earned it herself. Subdivision 16 of section 98 of the Decedent Estate Law was amended by chapter 518, section 2, of the Laws of 1929, in effect April 11, 1929. That law eliminated the necessity of proving that the property in question came to the intestate from the deceased husband or wife as the case might be and provided that " the whole surplus, *including the surplus of any estate not distributed on the first day of May, nineteen hundred and twenty-nine,* shall be distributed equally to and among the next of kin of the husband or wife of the deceased." This law was repealed by chapter 174 of the Laws of 1930 and subdivision 15 of section 83 of the Decedent Estate Law was substituted in its place and stead. Thus this section repealed the *retroactive* effect of chapter 518 of the Laws of 1929 by striking out the words " including the surplus of any estate not distributed on the first day of May, nineteen hundred and twenty-nine."

The provisions of the new Decedent Estate Law (§ 98, subd. 16), in effect September 1, 1930, apply only to the estates of persons dying after August 31, 1930, " and the provisions of law  *  *  * in force and effect prior to the taking effect of this act shall apply

to the estates and wills of all persons dying prior to September first, nineteen hundred and thirty." (Laws of 1930, chap. 174, § 14.) This proceeding having been instituted in November, 1930, under the provisions of the new law upon the estate of this intestate *who died in 1916*, must, therefore, be dismissed because distribution of this estate is governed by the law in force at the time of the death of the intestate.